# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,

       Plaintiff,          :          Case No. 3:07-cv-455

                                     District Judge Walter Herbert Rice
    -vs-                                  Chief Magistrate Judge Michael R. Merz

                             :

DAYTON VETERANS MEDICAL
 CENTER, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS; ORDER TO CLERK

This action is before the Court for review prior to issuance of process.  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).   In deciding whether a complaint

1

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff brought this case against the Dayton Veterans Medical Center and individual Defendants Kathryn G. Thompson (aka Edwards) and James Thompson. The Complaint alleges only that in 2001 Plaintiff's godmother, Sarah Alexander, told him that Kathryn Edwards said of him that he was a "crack head" or used cocaine. After Ms. Edwards denied having said so, the Plaintiff obtained access to his files (presumably at the Dayton VA) and saw that they contained a diagnosis of cocaine addiction. He infers Ms. Thompson said what he alleges she said because she had access to this diagnosis. Plaintiff alleges he has lost his apartments, three cars, his mother's house, and his mother herself through death; he seeks $1.8 million in damages.

The Complaint is deficient in at least the following aspects:

1.  The Complaint says absolutely nothing about Defendant James Thompson.
2.  The Complaint does not allege any connection between Kathryn Thompson/Edwards and the

2

Dayton Veterans Medical Center. That is, it does not suggest why the federal government, which runs the VA, should be responsible for anything done by Kathryn Thompson/Edwards.

3. The Complaint alleges an act in 2001, more than six years ago. Thus the statute of limitations would have run on any tort claim against any of the Defendants.

4. If the Complaint is intended to state that Kathryn Thompson/Edwards defamed the Plaintiff, it is self-contradictory, because it alleges she based her statement on a medical diagnosis.

5. The Complaint fails to allege any plausible connection between Ms. Thompson/Edwards' statement and the damages for which Plaintiff claims compensation.

Accordingly, it is respectfully recommended that the Complaint herein be dismissed without prejudice for failure to state a claim upon which relief can be granted. The Clerk is ordered not to issue process pending further order of the Court.

November 30, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).